UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIBURCIO MARTINEZ,<br><br>          Petitioner,<br><br>       v.<br><br>M. GAMBOA,<br><br>          Respondent. | Case No. 2:24-cv-10843-SRM-DTB<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE [23]** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files, and the Report and Recommendation of the United States Magistrate Judge ("Report and Recommendation"). Dkts. 1, 16, 17, 22. Petitioner Tiburcio Martinez filed objections to the Report and Recommendation. Dkt. 25. In them, he reiterates arguments raised in the Traverse (Response to Respondent's Answer), asserting that the state courts erred in concluding that his incriminating statements did not violate his constitutional rights. *Compare* Dkt. 25 at 6–16, *with* Dkt. 22 at 6–16. The Court has conducted a *de novo* review of those portions of the Report and Recommendation to which objections were made. The Court accepts Magistrate Judge David T. Bristow's findings, conclusions, and recommendations. The objections are **OVERRULED**.

-1-

In his objections, Petitioner argues he is entitled to habeas relief for three reasons. First, he argues his sentence is improper because California Penal Code § 654(a) does not allow multiple punishments for offenses with a single intent. *See* Dkt. 25 at 3–6. Next, he reiterates the same challenges argued in his Traverse regarding the three recorded statements made at the police station and whether these statements should have been excluded for violating his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). *Id*. at 6-16. Finally, he contends the state courts erred by allowing evidence of certain expert testimony and that the limiting instruction related to this testimony was improper. *See id.* at 17–19. Notably, Petitioner did not raise the first and third objections in his Petition. *See* Dkt. 1. Instead, Petitioner raises these challenges for the first time in his Traverse. *See* Dkt. 22 at 3–6, 17–20. However, "[a] traverse is not the proper pleading to raise additional grounds for relief" because it deprives the government of the opportunity to be advised of what grounds to defend against. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994). Thus, to the extent Petitioner seeks to add those claims now through his objections, the Court declines to consider them. *See United States v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000) ("[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation.").

Accordingly, the Court **ORDERS** the following:

1. The Report and Recommendation is **APPROVED** and **ACCEPTED**, Dkt. 23;

2. The Petition is **DENIED**, Dkt 1;

3. This action is **DISMISSED WITH PREJUDICE**; and

4. A separate judgment will issue.

**IT IS SO ORDERED.**

Dated: May 7, 2026

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE

-2-